IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL T. HAFFNER, as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 HEALTH & WELFARE FUND and as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> GAYTON ENTERPRISES, LLC., <br><br> Defendant. | Case No. <br><br> Judge |

## C O M P L A I N T

Now come the Plaintiffs, Michael Haffner as Trustee of the Chauffer's, Teamsters, & Helpers Local Union No. 301 Health & Welfare Fund, et al., by their attorney, Nicholas E. Kasmer of McGann, Ketterman, and Rioux, complaining of the GAYTON ENTERPRISES, LLC., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Chauffer's, Teamsters, & Helpers Local Union No. 301 Health & Welfare Fund and Chauffer's, Teamsters, & Helpers Local Union No. 301 Health &

Pension Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chauffer's, Teamsters, & Helpers Local Union No. 301, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 36990 N. Green Bay Road, Waukegan, Illinois, and venue is proper in the Northern District of Illinois.

     3.     Gayton Enterprises, LLC., is an employer engaged in an industry affecting commerce entered into a Collective Bargaining Agreement whose terms require itself to pay fringe benefits to the Trust Funds.

     4.     The Collective Bargaining Agreement also binds Gayton Enterprises, LLC., to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

     5.     Gayton Enterprises, LLC., is required to make contributions to the Trust Funds for each hour worked by its employees performing work covered by the Collective Bargaining Agreement at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements.

     6.     Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Gayton Enterprises, LLC., is required to provide access to the

records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. An audit was conducted and Gayton Enterprises, LLC., breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust Funds based upon hours worked by employees. The amount of the contributions owed to the Trust Funds as a consequence of this breach for the period of January 1, 2015, through November 30, 2018, is $13,287.45.

8. Plaintiffs have complied with all conditions precedent in bringing this suit.

9. Plaintiffs have been required to employ the undersigned attorneys to compel payment of the amounts owed.

10. Gayton Enterprises, LLC., is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

11. According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), Gayton Enterprises, LLC., is obligated to liquidated damages and interest on the amounts of the audit and liquidated damages on the amounts of delinquent contributions.

12. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or

(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That Defendant, Gayton Enterprises, LLC. be ordered to pay all contributions owed.

B. That Defendant, Gayton Enterprises, LLC. be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.

C. That Defendant, Gayton Enterprises, LLC. be ordered to pay liquidated damages and interest.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

Respectfully Submitted,

Attorneys for the Plaintiffs

s/Nicholas E. Kasmer
By: _____
Nicholas E. Kasmer

Nicholas E. Kasmer
Attorney for Plaintiffs
McGann, Ketterman, & Rioux
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601

4